**ROSEN & ASSOCIATES, P.C.**
*Counsel to John Ioannou*
747 Third Avenue
New York, NY 10017-2803
(212) 223-1100
Paris Gyparakis, Esq.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RICARDO VELASQUEZ<br><br>                              Plaintiff,<br><br>          v.<br><br>TWO BIG BOYS, INC., a New York corporation<br>*d/b/a* POSH BAR & LOUNGE, and JOHN<br>IAONNOU, an individual,<br><br>                              Defendants. | Case No. 19–11488 (GHW)<br><br>**ANSWER TO COMPLAINT** |

Defendant John Ioannou, incorrectly sued herein as "John Iaonnou" ("**Defendant**"), through counsel, hereby submits this answer to the complaint dated December 16, 2019 [Doc. No. 1] (the "**Complaint**"), filed by plaintiff Ricardo Velasquez ("**Plaintiff**"), and in support thereof respectfully represents as follows:

## AS TO JURISDICTION AND PARTIES

1.     To the extent the allegations in paragraph 1 purport to cite or summarize publicly filed documents, Defendant respectfully refers the Court to the actual cited documents for a complete and accurate statement of their contents. To the extent the allegations in paragraph 1 state legal conclusions, no responsive pleading is required. Defendant lacks knowledge sufficient to form a belief as to  the allegation that jurisdiction is proper in this Court, and, except as expressly admitted, denies the remaining allegations contained in paragraph 1 of the Complaint.

2.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 2 and 3 of the Complaint.

3.      To the extent the allegations in paragraph 4 state legal conclusions, no responsive pleading is required. Otherwise, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

4.      Defendant admits that he is an individual and the owner of the real property where the Subject Facility (as defined in the Complaint) is located, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5 of the Complaint.

5.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

## AS TO COUNT I

6.       Defendant repeats, re-alleges and incorporates by reference his responses to paragraphs 1 through 6 of the Complaint as if fully set forth herein.

7.      To the extent the allegations contained in paragraphs 7 through 11 state legal conclusions, no responsive pleading is required. Otherwise, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 7 through 11.

8.      Defendant denies the allegations contained in paragraph 12 of the Complaint.

9.      To the extent the allegations in paragraphs 13 through 20 state legal conclusions, no responsive pleading is required. Otherwise, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 13 through 20 of the Complaint.

### AS TO COUNT II

10.     Defendant repeats, re-alleges and incorporates by reference his responses to paragraphs 1 through 20 of the Complaint as if fully set forth herein.

11.     To the extent the allegations in paragraphs 21 through 23 state legal conclusions, no responsive pleading is required. Defendant admits that he is an individual, and, lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraphs 21 through 23 of the Complaint.

### AS TO COUNT III

12.     Defendant repeats, re-alleges and incorporates by reference his responses to paragraphs 1 through 23 of the Complaint as if fully set forth herein.

13.     To the extent the allegations in paragraphs 24 through 28 state legal conclusions, no responsive pleading is required. Defendant admits that he is an individual, and, lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraphs 24 through 28 of the Complaint.

### AS TO COUNT IV

14.     Defendant repeats, re-alleges and incorporates by reference his responses to paragraphs 1 through 28 of the Complaint as if fully set forth herein.

15.     To the extent the allegations in paragraphs 29 through 37 state legal conclusions, no responsive pleading is required. Defendant admits that he is an individual, and, lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraphs 29 through 37 of the Complaint.

## AS TO ATTORNEYS' FEES AND COSTS

16.     Defendant repeats, re-alleges and incorporates by reference his responses to paragraphs 1 through 37 of the Complaint as if fully set forth herein.

17.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 38 and 39 of the Complaint.

## AS TO DAMAGES

18.     Defendant repeats, re-alleges and incorporates by reference his responses to paragraphs 1 through 39 of the Complaint as if fully set forth herein.

19.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint.

## AS TO INJUNCTIVE RELIEF

20.     Defendant repeats, re-alleges and incorporates by reference his responses to paragraphs 1 through 40 of the Complaint as if fully set forth herein.

21.     To the extent the allegations in paragraph 41 state legal conclusions, no responsive pleading is required. Otherwise, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint.

## AS AND FOR DEFENDANT'S FIRST AFFIRMATIVE DEFENSE

22.     Plaintiff's claims and each purported cause of action contained in the Complaint fail to state a claim upon which relief may be granted.

## AS AND FOR DEFENDANT'S SECOND AFFIRMATIVE DEFENSE

23.     Plaintiff's claims are barred because of lack of personal jurisdiction over Defendant in this Court.

## AS AND FOR DEFENDANT'S THIRD AFFIRMATIVE DEFENSE

24.     Plaintiff's claims are barred in whole or in part because Plaintiff lacks standing to assert the claims contained in the Complaint.

## AS AND FOR DEFENDANT'S FOURTH AFFIRMATIVE DEFENSE

25.     Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

## AS AND FOR DEFENDANT'S FIFTH AFFIRMATIVE DEFENSE

26.      Plaintiff's claims are barred in whole or in part due to insufficiency of process.

## AS AND FOR DEFENDANT'S SIXTH AFFIRMATIVE DEFENSE

27.     Plaintiff's claims are barred in whole or in part due to insufficiency of service of process.

## AS AND FOR DEFENDANT'S SEVENTH AFFIRMATIVE DEFENSE

28.     Plaintiff's claims must be dismissed based upon documentary evidence or lack thereof.

## AS AND FOR DEFENDANT'S EIGHTH AFFIRMATIVE DEFENSE

29.     Plaintiff's claims are barred by the doctrine of waiver.

## AS AND FOR DEFENDANT'S NINTH AFFIRMATIVE DEFENSE

30.     Plaintiff's claims are barred in whole or in part by the doctrine of res judicata and/or collateral estoppel.

## AS AND FOR DEFENDANT'S TENTH AFFIRMATIVE DEFENSE

31.     Plaintiff's claims are barred in whole or in part due to the doctrine of laches and/or unclean hands.

## <u>RESERVATION OF RIGHTS</u>

32.     Defendant reserves the right to assert additional affirmative defenses as may

become known to Defendant during the course of disclosure and discovery.

**WHEREFORE**, Defendant respectfully requests that this Court enter an order:

(i)  dismissing the subject Complaint; and

(ii) granting such other and further relief as this Court deems just and proper.

Dated: New York, New York
        February 18, 2020

**ROSEN & ASSOCIATES, P.C.**
*Counsel to John Ioannou*

By: _____
        Paris Gyparakis

747 Third Avenue
New York, NY 10017-2803
(212) 223-1100