# THE WEITZ LAW FIRM, P.A.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __7/20/2020__

### MEMORANDUM ENDORSED

July 20, 2020

<u>VIA CM/ECF</u>
Honorable Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 12C
New York, New York 10007

    Re:  Velasquez v. Two Big Boys, Inc., d/b/a Posh Bar & Lounge, et al.
       Case No. 1:19-cv-11488-GHW

Dear Judge Woods:

  The undersigned represents the Plaintiff in the above-captioned case matter.

  On July 15, 2020, through a discovery response only recently received from counsel for Defendant John Iaonnou, it has come to Plaintiff's counsel's attention that John Greco, an individual, is a party to the lease regarding the Posh Bar & Lounge subject facility, and therefore needs be added as an additional Defendant in this matter. In such ADA related actions, as in the instant case, both the landlord and tenant are jointly and severally liable and since John Greco, an individual, is in the lease, he is also jointly and severally liable. Further, opposing counsel has consented, and has even requested that the Complaint [D.E. 1] be amended to include said additional defendant, so no current parties will be prejudiced if Plaintiff is granted leave of Court to file his Amended Complaint (attached hereto as Exhibit "A").

  The prevailing case law is in favor of the Court freely granting parties leave to amend and such leave should be 'freely given,' *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, courts in this Circuit grant leave to amend unless the opposing party shows either undue prejudice or bad faith on the part of the moving party. *Advanced Portfolio*, 1996 WL 51190 at *2 (citing *Block v. First Blood Assocs.,* 988 F.2d 344, 350 (2d Cir. 1993)); *Innomed Labs, LLC v. Alza Corp.,* No. 01 Civ. 8095 (HB), 2002 WL 1628943 at *2 (S.D.N.Y. July 23, 2002) (quoting Block, 988 F.2d at 350). Moreover, since "the purpose of amending a pleading 'is to assert matters that were overlooked or were unknown … at the time … [of the] original complaint,'" (*Smiga v. Dean Witter Reynolds, Inc*. 766 F.2d 698, 703 (2d Cir. 1985) (quotation omitted) and *Greenwald v. American Medcare Corp.,* 666 F. Supp. 489, 492 (S.D.N.Y. 1987)), it is both acceptable and common for a party to move to amend based on matters learned since the commencement of the action. See, e.g., *Tokio Marine and Fire Ins. Co. v. Employers Ins. of Wausau*, 786 F.2d 101,103 (2d Cir. 1986) (after defendants learned of waiver provisions of construction contract, they should have been permitted to amend their answer to assert a waiver defense); *State Teachers Retirement Bd. v. Fluor Corp.* 654 F.2d 843, 85556 (2d Cir. 1981). In line with the aforementioned case law, it has only come to the undersigned's attention

just last week that John Greco, an individual, was a party to the lease involving this subject facility, and therefore his identity has only recently been disclosed or "learned" and was previously "unknown," as described herein.

As such, Plaintiff hereby respectfully seeks leave to file an Amended Complaint to include the John Greco, an individual, as an additional defendant in this action, with the full consent of opposing counsel. A copy of the Amended Complaint is hereto attached as Exhibit "A."

Thank you for your consideration of the Plaintiff's request to amend.

                                            Sincerely,

                                    By: /S/ B. Bradley Weitz
                                        B. Bradley Weitz, Esq. (BW9365)
                                        THE WEITZ LAW FIRM, P.A.
                                        Attorney for Plaintiff
                                        Bank of America Building
                                        18305 Biscayne Blvd., Suite 214
                                        Aventura, Florida 33160
                                        Telephone: (305) 949-7777
                                        Facsimile: (305) 704-3877
                                        Email: bbw@weitzfirm.com

Application granted.  Plaintiff is granted leave to file the amended complaint at Dkt No. 20-1

The Clerk of Court is directed to terminate the motion pending at Dkt No. 20.

SO ORDERED.

Dated:  July 20, 2020

                                                                           GREGORY H. WOODS
                                                                      United States District Judge