**ROSEN & ASSOCIATES, P.C.**
*Counsel to John Ioannou*
747 Third Avenue
New York, NY 10017-2803
(212) 223-1100
Paris Gyparakis, Esq.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RICARDO VELASQUEZ,<br><br>       Plaintiff,<br>  v.<br><br>TWO BIG BOYS, INC., a New York corporation, JOHN P. GRECO, III, an individual *d/b/a* POSH BAR & LOUNGE, and JOHN IOANNOU, an individual,<br><br>       Defendants. | Case No. 19–11488 (GHW)<br><br>**ANSWER TO AMENDED COMPLAINT AND CROSSCLAIMS** |

Defendant John Ioannou ("**Mr. Ioannou**"), incorrectly sued as "John Iaonnou" in the original complaint commencing this action [Doc. No. 1] (the "**Original Complaint**"), through counsel, as and for his answer (the "**Answer**") to the *Amended Complaint* dated July 24, 2020 [Doc. No. 24] (the "**Amended Complaint**") filed by plaintiff Ricardo Velasquez ("**Plaintiff**") and crossclaims against defendants Two Big Boys, Inc., and John P. Greco, III, *d/b/a* Posh Bar & Lounge (collectively, "**Tenant**"), respectfully represents as follows:

## AS TO JURISDICTION AND PARTIES

1. Mr. Ioannou admits that Plaintiff purports to have brought this action pursuant to the authority cited in paragraph "1" of the Amended Complaint. To the extent the allegations in paragraph "1" state a legal conclusion, no responsive pleading is required. Otherwise, Mr. Ioannou denies the allegations contained in paragraph "1" of the Amended Complaint.

2. To the extent the allegations in paragraph "2" state a legal conclusion, no responsive pleading is required. Mr. Ioannou lacks knowledge sufficient to form a belief as to the allegation that venue is proper in this Court, and, except as expressly admitted, denies the remaining allegations contained therein.

3. To the extent the allegations in paragraphs "3" and "4" state a legal conclusion, no responsive pleading is required. Otherwise, Mr. Ioannou lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "3" and "4" of the Amended Complaint.

4. Mr. Ioannou admits that he is an individual and the owner of that certain real property located at 405 West 51st Street, New York, New York (the "**Building**"); that Tenant was the lessee and/or operator of certain portions of the ground floor and basement of the Building (the "**Formerly Leased Premises**") at all times relevant to the facts alleged in the Amended Complaint; and that Tenant was the owner of the then-subject facility commonly known as *Posh Bar & Lounge* and maintained exclusive control of said facility at all relevant times. Mr. Ioannou denies that he is or ever was the operator of the Formerly Leased Premises and of the then-subject facility, and, except as expressly admitted, lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "5" of the Amended Complaint.

5. Mr. Ioannou lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the Amended Complaint.

**AS TO COUNT I**

6. Mr. Ioannou repeats, re-alleges and incorporates by reference his responses to paragraphs "1" through "6" of the Amended Complaint as if fully set forth herein.

7. To the extent the allegations contained in paragraphs "7" through "11" state a legal conclusion, no responsive pleading is required. Otherwise, Mr. Ioannou lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

8. Mr. Ioannou denies the allegations contained in paragraphs "12" and "13" of the Amended Complaint.

9. Mr. Ioannou lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of the Amended Complaint.

10. To the extent the allegations contained in paragraph "15" state a legal conclusion, no responsive pleading is required. Otherwise, Mr. Ioannou lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

11. Mr. Ioannou denies the allegations contained in paragraphs "16" through "18" of the Amended Complaint.

12. Mr. Ioannou lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "19" and "20" of the Amended Complaint.

**AS TO COUNT II**

13. Mr. Ioannou repeats, re-alleges and incorporates by reference his responses to paragraphs "1" through "20" of the Amended Complaint as if fully set forth herein.

14. To the extent the allegations in paragraph "21" state a legal conclusion, no responsive pleading is required. Otherwise, Mr. Ioannou lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

15. Mr. Ioannou denies the allegations contained in paragraph "22" of the Amended Complaint.

**AS TO COUNT III**

16. Mr. Ioannou repeats, re-alleges and incorporates by reference his responses to paragraphs "1" through "22" of the Amended Complaint as if fully set forth herein.

17. To the extent the allegations in paragraphs "24" and "25" state a legal conclusion, no responsive pleading is required. Otherwise, Mr. Ioannou lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

18. Mr. Ioannou denies the allegations contained in paragraphs "26" and "27" of the Amended Complaint.

**AS TO COUNT IV**

19. Mr. Ioannou repeats, re-alleges and incorporates by reference his responses to paragraphs "1" through "27" of the Amended Complaint as if fully set forth herein.

20. Mr. Ioannou denies the allegations contained in paragraphs "29" and "30" of the Amended Complaint.

21. To the extent the allegations in paragraphs "31" and "32" state a legal conclusion, no responsive pleading is required. Otherwise, Mr. Ioannou lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

22. Mr. Ioannou denies the allegations contained in paragraphs "33" through "36" of the Amended Complaint.

**AS TO ATTORNEYS' FEES AND COSTS**

23. Mr. Ioannou repeats, re-alleges and incorporates by reference his responses to paragraphs "1" through "36" of the Amended Complaint as if fully set forth herein.

24. Mr. Ioannou lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "38" and "39" of the Amended Complaint.

**AS TO DAMAGES**

25. Mr. Ioannou repeats, re-alleges and incorporates by reference his responses to paragraphs "1" through "39" of the Amended Complaint as if fully set forth herein.

26. Mr. Ioannou lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "40" of the Amended Complaint.

**AS TO INJUNCTIVE RELIEF**

27. Mr. Ioannou repeats, re-alleges and incorporates by reference his responses to paragraphs "1" through "40" of the Amended Complaint as if fully set forth herein.

28. To the extent the allegations in paragraph "41" of the Amended Complaint state a legal conclusion, no responsive pleading is required. Otherwise, Mr. Ioannou lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

**AS AND FOR MR. IOANNOU'S FIRST AFFIRMATIVE DEFENSE**

29. Plaintiff's claims and each purported cause of action contained in the Amended Complaint fail to state a claim upon which relief may be granted.

**AS AND FOR MR. IOANNOU'S SECOND AFFIRMATIVE DEFENSE**

30. Plaintiff's claims are barred because of lack of personal jurisdiction over Mr. Ioannou in this Court.

**AS AND FOR MR. IOANNOU'S THIRD AFFIRMATIVE DEFENSE**

31. Plaintiff's claims are barred in whole or in part because Plaintiff lacks standing to assert the claims contained in the Amended Complaint.

### AS AND FOR MR. IOANNOU'S FOURTH AFFIRMATIVE DEFENSE

32. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

### AS AND FOR MR. IOANNOU'S FIFTH AFFIRMATIVE DEFENSE

33. Plaintiff's claims are barred in whole or in part due to insufficiency of process.

### AS AND FOR MR. IOANNOU'S SIXTH AFFIRMATIVE DEFENSE

34. Plaintiff's claims are barred in whole or in part due to insufficiency of service of process.

### AS AND FOR MR. IOANNOU'S SEVENTH AFFIRMATIVE DEFENSE

35. Plaintiff's claims must be dismissed based upon documentary evidence or lack thereof.

### AS AND FOR MR. IOANNOU'S EIGHTH AFFIRMATIVE DEFENSE

36. Plaintiff's claims are barred by the doctrine of waiver.

### AS AND FOR MR. IOANNOU'S NINTH AFFIRMATIVE DEFENSE

37. Plaintiff's claims are barred in whole or in part by the doctrine of res judicata and/or collateral estoppel.

### AS AND FOR MR. IOANNOU'S TENTH AFFIRMATIVE DEFENSE

38. Plaintiff's claims are barred in whole or in part due to the doctrine of laches and/or unclean hands.

### CROSSCLAIMS FOR BREACH OF CONTRACT & INDEMNIFICATION

39. As admitted above, crossclaim defendants Two Big Boys, Inc. and John P. Greco, III *d/b/a Posh Bar & Lounge* [defined herein as "**Tenant**"], previously occupied and

conducted business on certain portions of the ground floor and basement of the building located at 405 West 51st Street, New York, NY 10019 [defined herein as the "**Formerly Leased Premises**"], pursuant to that certain *Agreement of Lease* dated January 1, 2008 (as amended or otherwise modified from time to time thereafter) (the "**Lease**"), a copy of which is annexed hereto as *Exhibit A*.

40. The Lease provides, in part: "Tenant has inspected the demised premises and accepts them 'as-is' … Owner makes ***no representation*** as to the condition of the demised premises, and Tenant ***agrees to accept the same subject to violations***, whether or not of record." *See* LEASE ¶ 15 (emphasis added).

41. The Lease provides, in part:

> Tenant shall promptly comply with all present and future laws, orders and regulations of all state, federal, municipal and local governments, departments, commissions and boards and any direction of any public officer pursuant to law, and all orders, rules and regulations of the New York Board of Fire Underwriters or the Insurance Services Office, or ***any similar body which shall impose*** any violations, order or ***duty upon Owner or Tenant with respect to the demised premises*** … whether or not arising out of Tenant's use or manner of use thereof, or with respect to the building, if arising out of Tenant's use or manner of use of the demised premises or the building.

*See* LEASE ¶ 6 (emphasis added).

42. The Lease provides, in part: "Owner or its agents will not be liable for any […] damage caused by other tenants or persons in, upon or about said building, or caused by operations [and] Tenant shall indemnify and save harmless Owner against and from all liabilities, obligations, damages, penalties, claims, costs and expenses for which Owner shall not be reimbursed by insurance, including reasonable attorneys' fees, paid, suffered or incurred as a result of any breach by Tenant." *See* LEASE ¶ 8.

43. Upon information and belief, on August 2, 2020, the New York State Liquor Authority issued a *Summary Order of Suspension of License* against Tenant based on alleged violations of pandemic-related Executive Orders.[1]

44. Upon information and belief, as of August 3, 2020, Tenant has permanently closed *Posh Bar & Lounge* and ceased all operations at the Formerly Leased Premises.

45. On or around August 3, 2020, Tenant's counsel informed Mr. Ioannou that Tenant surrendered the keys to the Formerly Leased Premises, and that they were being held in counsel's care.

46. Upon information and belief, there are no plans to secure a replacement tenant to occupy the Formerly Leased Premises, which, due to the COVID-19 pandemic, will remain closed for the foreseeable future.

47. Upon information and belief, the Formerly Leased Premises is not a *place of public accommodation* or a *commercial facility*, as those terms are defined under title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* (the "**ADA**"), and interpreted under the New York City Human Rights Law, N.Y.C. ADMIN CODE §§ 8-101 *et seq.* ("**NYCHRL**") and the New York State Human Rights Law, N.Y. EXEC. LAW § 292 *et seq.* ("**NYSHRL**"), such that it is not subject to the provisions therein.[2]

---

[1] *See* Press Release, Office of the Governor of New York State, *Governor Cuomo Announces Suspension of 19 Additional New York Bars' Liquor Licenses for Egregious Violations of Coronavirus-Related Regulations* (Aug. 3, 2020), https://www.governor.ny.gov/news/governor-cuomo-announces-suspension-19-additional-new-york-bars-liquor-licenses-egregious+&cd=1&hl=en&ct=clnk&gl=us [https://perma.cc/G3YR-YD54]; *see also* Office of the Governor of New York State, *List of Suspended Licenses and Charges Filed During COVID-19 Pandemic*, https://sla.ny.gov/eo-summary-and-charges-tracker [https://perma.cc/3XCL-TYQP].

[2] Indeed, Mr. Ioannou submits that under longstanding judicial principles, this action has been rendered "moot" and should be dismissed and intends to promptly seek leave of the Court to move for such relief in accordance with Section 2.C of the Court's *Individual Rules of Practice in Civil Cases*.

## COUNT I: BREACH OF CONTRACT

48. Crossclaim plaintiff Mr. Ioannou repeats, re-alleges and incorporates by reference all of the foregoing paragraphs as if fully set forth herein.

49. Pursuant to the term of the Lease, Tenant agreed to comply with all relevant laws and regulations in its operation of a restaurant and bar at the Formerly Leased Premises. *See* LEASE ¶ 6.

50. To the extent the factual allegations asserted in the Amended Complaint set forth a violation of any of the provisions of the ADA, NYCHRL, or NYSHRL, Tenant has breached that contractual obligation and caused Mr. Ioannou damages, including all attorneys' fees and costs incurred in defending this action.

## COUNT II: INDEMNIFICATION

51. Crosclaim plaintiff Mr. Ioannou repeats, re-alleges and incorporates by reference all the foregoing paragraphs as if fully set forth herein.

52. Pursuant to the terms of the Lease, Tenant accepted the Formerly Leased Premises "as-is" and agreed to indemnify Mr. Ioannou for any injury caused to any person at the Formerly Leased Premises for any reason. *See* LEASE ¶¶ 8 & 15.

53. To the extent the factual allegations asserted in the Amended Complaint set forth a violation of any of the provisions of the ADA, NYCHRL, or NYSHRL on the basis of discrimination, or otherwise establish that Plaintiff suffered damages at the Formerly Leased Premises, Mr. Ioannou demands that Tenant fully indemnify him in connection with Plaintiff's alleged damages, including indemnification of all attorneys' fees and costs incurred in defending this action.

## RESERVATION OF RIGHTS

54. Mr. Ioannou reserves all rights to amend this Answer to assert any additional affirmative defenses or crossclaims, and any third-party claims not asserted herein as may become known to him during the course of discovery and as may be appropriate at a later time.

\*    \*    \*

**WHEREFORE**, Mr. Ioannou respectfully requests that this Court enter an order:

(i) dismissing the subject Amended Complaint with prejudice, and failing that dismissal;
(ii) awarding Mr. Ioannou damages against Tenant for breach of contract;
(iii) declaring Tenant liable to indemnify and hold Mr. Ioannou harmless from and against the claims asserted herein, including all attorneys' fees and costs incurred in defending this action; and
(iv) granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
August 16, 2020

**ROSEN & ASSOCIATES, P.C.**
*Counsel to John Ioannou*

By: _____
Paris Gyparakis

747 Third Avenue
New York, NY 10017-2803
(212) 223-1100