**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

RICARDO VELASQUEZ,   CASE NO: 1:19-cv-11488-GHW

    Plaintiff,

vs.

TWO BIG BOYS, INC., a New York
corporation, and JOHN P. GRECO, III, an
individual, d/b/a POSH BAR & LOUNGE,
and JOHN IOANNOU, an individual,

    Defendants.
_____/

## NOTICE OF DEPOSITION DUCES TECUM

TO:    JOHN IOANNOU or Representative
        c/o Paris Gyparakis, Esq.
        Rosen & Associates, P.C.
        747 Third Avenue
        New York, NY 10017

PLEASE TAKE NOTICE that Plaintiff's counsel for KIRAN VUPPALA, has scheduled the deposition of the Defendant, JOHN IOANNOU or Representative With Most Knowledge of the facts pled in the Complaint, for Monday, August 24, 2020 at 9:00 a.m., regarding operations, financials, and corporate design of the Subject Property.  We are requesting the information listed on Exhibit "A" (attached hereto), for use at trial, and for any other purpose permitted under the Federal Rules of Civil Procedure.[1]  The taking of this deposition shall be recorded by stenographic means and will be conducted electronically via Zoom, with login instructions to be given at a later date.  Deposition may be recorded in whole or part by videotape and shall continue from day to day until completed.

1

Please conduct yourself accordingly and advise us of any scheduling conflict.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent via electronic mail, facsimile and U.S. Mail, this 10th day of August, 2020 to:

Paris Gyparakis, Esq.
Rosen & Associates, P.C.
747 Third Avenue
New York, NY 10017
212-223-1100
Fax: 212-221-1102
Email: pgyparakis@rosenpc.com

,

          Respectfully submitted,

          By: /S/ B. Bradley Weitz
              B. Bradley Weitz, Esq. (BW 9365)
              THE WEITZ LAW FIRM, P.A.
              Attorney for Plaintiff
              Bank of America Building
              18305 Biscayne Blvd., Suite 214
              Aventura, Florida 33160
              Telephone: (305) 949-7777
              Facsimile: (305) 704-3877
              Email: bbw@weitzfirm.com

---

[1] In accordance with American Disabilities Act, persons in need of special accommodations to participate in this proceeding shall communicate with B. Bradley Weitz, Esq. at The Weitz Law Firm, P.A., 18305 Biscayne Boulevard, Suite 214, Aventura, Florida, 33160, (305) 949-7777 to make arrangements for such accommodations.

**Exhibit A**

1. Responses to Plaintiff's First Request of Interrogatories served upon Defendant.

2. Responses to Plaintiff's First Request for Production.

3. Defendant's operation of the Subject Facility from January 1, 1992 to present.

4. Defendant's control and involvement with the Subject Facility,

5. The involvement of Defendant as to JOHN IOANNOU, in the control and operation of the aforementioned facility.

6. The involvement of Defendant as to JOHN IOANNOU in the operation and management of the aforementioned facility.

7. The involvement of Defendant as to JOHN IOANNOU in the operations and financials as to the aforementioned facility.

8. Defendant's pertinent insurance agreements, deeds, and leases pertaining to any fact alleged in any pleading.

9. Defendant's Subject Facilities documents which reflect and/or relate to any and all remodeling of, construction on, and/or alterations to the real property and the buildings thereon which are the subject of this action from January 1, 1992.

10. Defendant's Subject Facilities documents which pertain to any and all architect and/or engineer reports, plans and/or studies relating to the real property and the real property and the buildings thereon which are the subject of this actions from January 1, 1992.

11. Defendant's Subject Facilities documents which pertain to any and all documents which reflect and/or relate to all sums paid by or on behalf of defendant and/or its' predecessor(s) in interest for the remodeling of, construction on and/or alterations to the real property and the buildings thereon which are the subject of this action from January 1, 1992 to date, including, without limitations, invoices, receipts, and/or cancelled checks.

12. Defendant's Subject Facilities documents which pertain to all building permits applied for and/or obtained from January 1, 1990 to date regarding the property which is the subject of this action.

13. Defendant's Subject Facilities documents which pertain to any and all documents and Reports which reflect and/or relate to all work, if any, considered, planned and/or undertaken by or suggested to the defendant and/or its predecessors) in interest since August 1, 1990 regarding the property which is the subject of this action, in order to modify it so that it complies with the requirements of the Americans With Disabilities Act, 42 U.S.C. § 12101, et. seq. (hereinafter referred to as the "ADA").

14. Defendant's Subject Facilities documents which pertain to any and all documents which reflect the defendant's and/or its predecessor(s) in interest's gross revenue derived from the subject real property for each year from January 1, 1990 to date including, without limitation, tax returns, income statements, and applications and/or information provided to lenders

15. Defendant's Subject Facilities documents which pertain to any and all documents which reflect and/or relate to expenses incurred and/or paid by or on behalf of defendant and/or its predecessor(s) in interest regarding the subject property for each year from January 1, 1990 to date.

16. Defendant's Subject Facilities documents which pertain to all documents which reflect and/or relate to designated disabled parking provided on, and in the vicinity of, the subject real property.

17. Defendant's Subject Facilities documents which pertain to any and all documents which reflect and/or relate to restroom facilities designated for individuals with disabilities located on the subject property, including, without limitation, documents reflecting modifications to the rest rooms to ensure their compliance with the ADA.

18. Defendant's Subject Facilities documents which pertain to any and all documents which reflect and/or relate to amounts expended to modify restrooms in the subject real property to assure their compliance with ADA.

19. Defendant's Subject Facilities documents which pertain to any and all documents which reflect and/or relate to the accessible route from the parking areas, drop-of zone(s) and/or public thoroughfares to and throughout the building and to the primary functions of the building available to individuals with disabilities.

20. Defendant's Subject Facilities documents which pertain to any and all documents reflecting and/or relating to resistance of doors in the subject premises.

21. Defendant's Subject Facilities documents which pertain to any and all documents which reflect and/or relate to modifications to the doors in the subject building to assure their compliance with the ADA.

22. Defendant's Subject Facilities documents which pertain to any and/all notices, demands and/or violations received by defendant and/or its predecessor(s) in interest, and/or their representative(s), from any individual, entity and/or county, municipal or other governmental agency which reflect and/or relate to ADA violations, violations of other state or federal laws, pertaining to accessibility for individuals with disabilities, and/or notices regarding accessibility for individuals with disabilities or a lack thereof.