# JacksonLewis

**Jackson Lewis P.C.**
44 South Broadway, 14th Floor
White Plains NY 10601
(914) 872-8060 Main
(914) 946-1216 Fax
jacksonlewis.com

*Via ECF*

October 1, 2020

Hon. Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street, Room 2260
New York, NY 10007

**Re:** Velasquez v. Two Big Boys, Inc., et al.
Case No. 1:19-cv-11488-GHW

Dear Judge Woods:

We represent Defendant Two Big Boys, Inc. and John P. Greco (the "Tenant") in connection with the above-referenced case. Pursuant to Your Honor's Individual Practices, we respectfully request a pre-motion conference in connection with Defendant's proposed motion to dismiss the Complaint of Plaintiff pursuant to Fed. R. Civ. P. 12(b)(6).

This case is moot as it relates to the Tenant. It has been moot since August 3, 2020, when Posh Bar and Lounge operated by the Tenant located at 405 West 51st Street, New York, NY (the "Premises") -- the subject premises in this Americans With Disabilities Act ("ADA") action -- closed. Nevertheless, Plaintiff's counsel refuses to dismiss this lawsuit against the Tenant despite the fact that the Tenant in no way can provide access to the Premises. The purpose of Title III of the ADA is to provide access to public accommodations for disabled individuals. There is no public accommodation which requires access, no accessibility issue to adjudicate and the action should be dismissed as it relates to the Tenant.

## FACTS

Plaintiff commenced this action on December 16, 2019 alleging physical barriers that impeded his ability to access the Premises. (Compl., Dkt. No. 1.) Plaintiff asserted three claims, under Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181 *et. seq.*; the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107(4)(a) (the "NYCHRL"); and the New York State Human Rights Law, N.Y. Exec. Law § 296(2)(a) ("NYSHRL"). *Id.* Plaintiff filed an Amended Complaint on July 24, 2020 to add an additional party. (Amend. Compl., Dkt. No. 26.)

Plaintiff should have dismissed this case as against the Tenant previously. As set forth in the Landlord, John Ioannou's (the "Landlord"), crossclaim against the Tenant, the Premises was closing permanently and that the Tenant surrendered its lease as of August 3, 2020. (Landlord's Answer with Crossclaim, Dkt. No. 28., ¶¶ 44-45.) The Tenant's Counsel requested that the lawsuit be dismissed because the claims are moot because of the closing of the public accommodation; both Mr. Weitz, counsel for Plaintiff, and Mr. Gyparakis, counsel for the Landlord refused. As set forth in the Landlord's crossclaim against the Tenant, the Landlord is alleging breach of contract and indemnification under a lease agreement dated January 1, 2008. (Landlord's Answer with Crossclaim, Dkt. No. 28., ¶¶ 39, 50, 53.) The Landlord concedes that that such claims are predicated on Plaintiff prevailing against the Landlord in this Action.

**JacksonLewis**

(Landlord's Answer with Crossclaim, Dkt. No. 28., ¶¶ 50, 53.) It is respectfully submitted that such claims should be dismissed as they are not ripe, and the Tenant is not a necessary party to this Action.

The Tenant is disappointed that it is compelled to expend increasingly scarce resources on an unnecessary and expensive motion that should have been avoided.

### ARGUMENT

**I.     The First Claim, for Violation of the ADA, Is Moot and Should Be Dismissed.**

An "actual controversy must exist not only at the time the complaint is filed, but through all stages of the litigation." *Bacon v. Walgreen Co.*, 91 F. Supp. 3d 446, 451 (E.D.N.Y. 2015), *quoting Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quotation omitted). "Accordingly, if the underlying dispute in a lawsuit is no longer 'live,' the case becomes moot, and the court will no longer have the authority to adjudicate the case." *Id.* (citation omitted). *See also Doncouse v. Lenwich 9th LLC et al.*, 20-cv-924-LGS, at pp. 5-6 (S.D.N.Y. May 21, 2020) (dismissing Title III ADA case against tenant, a case identical to the instant action, after the tenant vacated the subject premises).

It is well-established that a private plaintiff suing under the ADA "may only obtain injunctive relief for violations of a right granted under Title III; he cannot recover damages." *Thomas v. Grunberg 77 LLC*, No. 15-cv-1925 (GBD) (BCM), 2017 U.S. Dist. LEXIS 104606, at *6 (S.D.N.Y. July 5, 2017) (Report and Recommendation of Moses, J., adopted in full by *Thomas v. Grunberg 77 LLC*, 2017 U.S. Dist. LEXIS 118961 (S.D.N.Y. July 28, 2017) (dismissing plaintiff's complaint brought under the ADA with prejudice, as moot, and dismissing all remaining claims brought under state and local law, where restaurant closed)), *quoting Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 86 (2d Cir. 2004) (quotations omitted). Where, as here, a plaintiff seeks injunctive relief, he must demonstrate that the identified injury in fact presents "a real and immediate threat of [repeated] injury." *Shain v. Ellison*, 356 F.3d 211, 215 (2d Cir. 2004). When, as here, the public accommodation that is the subject of an ADA claim has closed, such "immediate threat of repeated injury" is not possible. The claims thus become moot, the court is deprived of subject matter jurisdiction, plaintiff no longer has standing to pursue his claims and the complaint must be dismissed. *Grunberg 77 LLC,* 2017 U.S. Dist. LEXIS 118961, at *3; *Dunbar v. Empire Szechuan Noodle House Inc.*, No. 18-cv-9625 (CM), 2020 U.S. Dist. LEXIS 79311, at *8-10 (S.D.N.Y. May 5, 2020) (dismissing ADA claim against tenant and declining to exercise supplemental jurisdiction over pendent state and local law claims where tenant restaurant vacated premises). Indeed, just earlier this year, in *Doncouse v. Lenwich 9th LLC et al.*, 20-cv-924-LGS, *supra*, this Court held that, after a restaurant permanently closed and the lease was surrendered, a Title III ADA plaintiff "can no longer obtain injunctive relief from Lenwich and the ADA claim is moot." *Id.* at p. 6.

It is undisputed that the Tenant has permanently ceased its operations at and vacated the Premises. (Landlord's Answer with Crossclaim, Dkt. No. 28., ¶¶ 44-45.) The Tenant surrendered its lease for the Premises by written notice on or about August 3, 2020. (Landlord's Answer with Crossclaim, Dkt. No. 28., ¶¶ 44-45.) The Tenant vacated the Premises and is not operating in any capacity at the Premises. The Tenant turned over the keys to the Premises to the Landlord on August 3, 2020. (Landlord's Answer with Crossclaim, Dkt. No. 28., ¶45.) The Tenant's

operation at the Premises is permanently closed. Plaintiff no longer has standing to pursue his claims, and subject matter jurisdiction is absent.

**II.    The Remaining Claims Alleging Violations of New York State and New York City Humans Rights Laws Should be Dismissed.**

"[T]he Second Circuit instructs that 'absent exceptional circumstances,' where federal claims can be disposed of pursuant to Rule 12(b)(6) or summary judgment grounds, courts should 'abstain from exercising pendent jurisdiction.'" *Bacon*, 91 F. Supp. 3d at 453 (declining to exercise supplemental jurisdiction over remaining state law claims because court dismissed claims over which it has original jurisdiction), *quoting Birch v. Pioneer Credit Recovery, Inc.*, No. 06-CV-6497T, 2007 WL 1703914, at *5 (W.D.N.Y. June 8, 2007), *aff'd*, 551 F.3d 122 (2d Cir. 2008) (quoting *Walker v. Time Life Films, Inc.*, 784 F.2d 44, 53 (2d Cir. 1986)); *Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (quoting 28 U.S.C. § 1367(c)(3)); *see also Cave v. East Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008); *Karmel v. Liz Claiborne, Inc.*, No. 99-CV-3608 (WK), 2002 WL 1561126, at *4 (S.D.N.Y. July 12, 2002).

Once an ADA claim becomes moot, the courts of this Circuit decline to extend supplemental jurisdiction, instead dismissing the state law claims. *Grunberg*, 2017 U.S. Dist. LEXIS 118961, at *4; *see also Empire Szechuan Noodle House Inc.*, 2020 U.S. Dist. LEXIS 79311 at *8-10; *West v. Moe's Franchisor, LLC*, No. 15 CV 2846 (WHP), 2015 U.S. Dist. LEXIS 165070, at *12 (S.D.N.Y. Dec. 9, 2015); *Mineweaser v. City of N. Tonawanda*, No. 14-CV-00144-RJA-JJM, 2016 WL 3352046, at *16 (W.D.N.Y. Mar. 21, 2016), *report and recommendation adopted sub nom. Mineweaser v. City of N. Tonawanda*, 2016 WL 3279574 (W.D.N.Y. June 15, 2016); *Hernandez v. Int'l Shoppes, LLC*, 100 F. Supp. 3d 232, 268 (E.D.N.Y. 2015). In *Doncouse v. Lenwich 9th LLC et al.*, 20-cv-924-LGS, *supra*, an identical case to the instant Action, this Court held that "[b]ecause the only federal claim against [the tenant] is moot, I decline to exercise supplemental jurisdiction over the state law claims."

With the Tenant's operations permanently closed, the federal ADA claim is moot and subject matter jurisdiction absent, this Court should decline to extend supplemental jurisdiction as the courts of this Circuit have done to prevent "misuse and exploitation of the ADA in a way that directly contravenes Congressional intent and the remedial nature of the ADA." *Phillips v. 180 Brooklyn Livingston, LLC*, No. 17 CIV. 325 (BMC), 2017 U.S. Dist. LEXIS 75154, at *8-11 (E.D.N.Y. May 16, 2017) (declining to extend supplemental jurisdiction to state disability discrimination claims after federal claim was dismissed). This included the Landlord's crossclaims for breach of contract and indemnification as they are each state law claims which will only be ripe for adjudication in the event Plaintiff prevails in the instant action over the Landlord.

For the foregoing reasons, Two Big Boys, Inc. respectfully requests a pre-motion conference in connection with its proposed motion to dismiss Plaintiff's Complaint. Thank you for your consideration of this request.

**JacksonLewis**

Hon. Gregory H. Woods
October 1, 2020
SDNY
Page 4

Respectfully submitted,

*s/ Joseph J. DiPalma*
Joseph J. DiPalma
JACKSON LEWIS P.C.
(914) 872-8060
Joseph.DiPalma@jacksonlewis.com


cc:     Counsel of Record (via ECF)

4840-5434-9261, v. 1