K4OHVELC

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

RICARDO VELASQUEZ,

                Plaintiff,

           v.                           19 Civ. 11488 (GHW)

TWO BIG BOYS, INC., et al.,
                                        Telephone Conference

                Defendants.
------------------------------x
                                        New York, N.Y.
                                        April 24, 2020
                                        3:05 p.m.
Before:

                     HON. GREGORY H. WOODS,

                                        District Judge

                            APPEARANCES

THE WEITZ LAW FIRM, P.A.
     Attorneys for Plaintiff
BY:  BEN-ZION BRADLEY WEITZ

ROSEN & ASSOCIATES, P.C.
     Attorneys for Defendant John Ioannou
BY:  PARIS GYPARAKIS
```

SOUTHERN DISTRICT REPORTERS, P.C.

(212) 805-0300

1       (The Court and all parties present telephonically)
2       THE COURT:  This is Judge Woods.  Let me just say a
3  few brief words regarding the protocol that I expect will be
4  followed during this conference.
5       First, please state your names each time that you
6  speak during this conference.  Please do that regardless of
7  whether or not you've spoken earlier during the conference.
8  That will help us keep a clear record of what's said here.
9       Second, please keep your phones on mute when you're
10 not speaking.  It will also help us keep a clear record of the
11 conference.
12      Third, I'm asking the court reporter to let us know if
13 she has any difficulty in hearing or understanding any of us.
14 So don't be surprised if she chimes in to mention any problems
15 that she's having with following us.
16      So with that brief set of introductory remarks out of
17 the way, let me ask first, who I have on the line for
18 plaintiff?
19      MR. WEITZ:  Good afternoon, your Honor.  Bradley Weitz
20 here on behalf of the plaintiff, Ricardo Velasquez.
21      THE COURT:  Thank you.
22      Who do I have on the line for each of the defendants
23 here?  First, who do I have on the line for defendant John
24 Ioannou?
25      MR. GYPARAKIS:  Good afternoon, your Honor.  Paris

1    Gyparakis, counsel for John Ioannou.
2            THE COURT:  Thank you.
3            Counsel, please come as close to the phone as you can.
4    It's difficult to hear you.  Good.
5            Do I have counsel on the line for Two Big Boys, Inc.?
6            Fine.  Let me turn first to counsel for the plaintiff.
7    We scheduled this really as a follow-up proceeding to discuss
8    the process that we'll be using to litigate the case here.  I
9    adjourned our prior conference in large part in light of the
10   nonappearance of Two Big Boys.  Let me hear from each of you
11   about the status of the case, and we'll talk about the process
12   that we'll put in place to permit the parties to fully litigate
13   it after I have that information.
14           So let me hear first from you counsel for plaintiff.
15   What can you tell me about the status of the case?
16           MR. WEITZ:  Yes, your Honor.  The status is as was
17   discussed on March 25.  The tenants had not appeared.  They
18   still have not appeared.  The tenant being Two Big Boys.  The
19   landlord's counsel had stated that he had spoken with the
20   tenant's principal, and they are aware of the lawsuit.  We've
21   also gone ahead and sent a courtesy copy by correspondence as
22   well.  We don't have any direct phone numbers, and so forth, as
23   maybe landlord's counsel who's their direct landlord might
24   have.  So I have inquired with opposing counsel who's on the
25   line now to see whether or not he's made any progress, but we

1  haven't had an opportunity to speak about that as of yet.  So
2  I'm really going to leave that for him to answer.
3             With regard to the process here, if we're going to
4  move forward with a scheduling order today, which I'm not sure
5  would be the optimal way to do it, but if your Honor would like
6  to, I would like to build in a little bit of extra time to
7  allow the tenant to appear because I think -- unless they're
8  fully out of business, I think it's very important to have the
9  tenant here because they'll be the ones making the remediation,
10 most likely, to the facility.
11            THE COURT:  Thank you.
12            Let me hear from counsel for the landlord.  Counsel.
13            MR. GYPARAKIS:  Yes, your Honor.  I unfortunately have
14 not been able to contact the corporate defendant principal by
15 phone.  I have sent numerous written communications regarding
16 your Honor's directive at the previous conference, as well as
17 some potential consequences for not appearing, and I think I
18 made a diligent effort to try to get through to them.
19 Unfortunately, I have no information to provide to the Court as
20 to whether they intend to appear and defend this case.
21            THE COURT:  Fine.  Good.  So I assume that the parties
22 have been working diligently to get their attention.  I assume
23 that you will continue to do so.  I believe that my
24 recollection is that they indemnify the landlord here.  Is that
25 correct, counsel for the landlord?

K4OHVELC

          MR. GYPARAKIS:  That's correct, to my understanding, yes.

          THE COURT:  Good.  Thank you.

          I'm going to set a schedule for the parties to litigate this case.  I'm happy to add a buffer with the hope that the tenant will appear, but even if they don't, so long as the case is in front of me, I want the parties to be doing the work necessary to resolve it as between these parties.  I'm also happy to build in some buffer in light of COVID-19.  I anticipate that a portion of the work in part here may involve expert discovery, in particular expert review of the accessibility of the premises, and I want to hear from the parties about your expectations for a reasonable timeline for that work to take place if it is needed.

          Counsel, I'm looking at the proposed case management plan and scheduling order.  I have some understanding of the nature of the issues raised in this case.  From the parties' initial case management plan and scheduling order, you suggested a four-month window for the completion of fact discovery.  I'm happy to consider a more extended period in light of COVID-19 potentially to accommodate the -- or, I should say, to accommodate the potential entry of the other defendant into the case.  So I look to you to tell me what you think would be a reasonable schedule for us to set that I can hold you to.  In that regard, I look to you for comments

1  regarding the nature of the inspection that needs to happen and
2  any constraints on your ability to conduct it as a result of
3  COVID-19.
4      Let me begin with counsel for plaintiff.  Counsel.
5      MR. WEITZ:  Yes, your Honor.  With regard to your
6  first portion of your question, instead of the typical
7  four-month timeline for discovery, I would propose a six-month
8  timeline to give -- to accommodate those two unusual issues,
9  the tenant and the pandemic.
10     With regard to what needs to be done in terms of
11 discovery that is out of the ordinary, as with these ADA cases,
12 we have to do a Rule 34 inspection, which is a physical
13 inspection of the facility.  Obviously, we would wait as long
14 as we can to do that due to the pandemic.  I can tell you that
15 experts are very hesitant to do anything right now, so that
16 would also hopefully be resolved by the longer timeline that
17 we're suggesting.
18     Then with regard to the schedule itself, I would say
19 simultaneous to the issuance of this discovery order, I think
20 we should have a referral as well to the mediation program.
21     THE COURT:  Thank you very much.
22     I'll talk about the mediation referral now.  Can I
23 ask, counsel for plaintiff, is the absence of the other
24 defendant likely to be an impediment to your ability to resolve
25 the case?

1          MR. WEITZ:  Well, I was reviewing my notes from the
2  last conference.  I know you had asked opposing counsel if
3  there was indemnification in the lease, and at the last
4  conference opposing counsel had stated that the lease actually
5  had expired, and they are currently month to month.  So I have
6  my own doubts whether or not they're going to continue in that
7  location, whether or not that it's going to be resolved -- that
8  it cannot be resolved without their presence.  If they're month
9  to month, I highly doubt they're going to indemnify them for
10 all these remediations.
11         So having reviewed that, I believe that it would be
12 perhaps productive to try to get resolution through the
13 mediation process.  Especially the way the mediations are
14 currently being conducted by Zoom, I think they've been
15 effective.  I think the landlords in many of the cases that I'm
16 currently mediating are taking control of resolution because
17 they understand that their tenants might not return.  So I
18 think, since we have the landlord here, I think we can probably
19 have a productive mediation.  And certainly, the mediator would
20 have discretion whether or not to delay it by a few weeks to
21 wait for a tenant to appear.  So I think the referral would be
22 appropriate and would be helpful.
23         THE COURT:  Good.  Thank you.
24         Counsel for defendant, appearing defendant, before I
25 turn to you regarding the schedule, can I ask, just as a

1   factual matter, is the restaurant currently operating?

2           MR. GYPARAKIS:  Paris Gyparakis, counsel to John
3   Ioannou.

4           Your Honor, the restaurant is closed due to the
5   pandemic and not operating at this time.

6           THE COURT:  Good.  Thank you very much.

7           Counsel for defendant, what's your view regarding the
8   proposal by the plaintiff that we extend fact discovery to take
9   place over a period of six months in light of the pandemic?

10          MR. GYPARAKIS:  Your Honor, we have no objection to
11  the six-month proposed timeline, nor do we object to a
12  resolution through mediation for the reasons already discussed
13  on the record.

14          THE COURT:  Good.  Thank you very much, counsel.

15          So let me just say, first, I appreciate both of your
16  comments.  I will put in place a case management plan and
17  scheduling order that is consistent with the proposal that was
18  submitted by you at the time of the last conference with the
19  following exception.  I will set the deadlines to be for each
20  of fact and expert discovery a date that is six months after
21  today.  I will keep the current gaps in time in place so that
22  the structure of your current proposal will remain in place.
23  I'll note that the parties have the flexibility to modify the
24  fact discovery deadlines pursuant to paragraph 7(g) so long as
25  your discovery is completed by the end date.  So if you want to

1  agree to change any of those other deadlines, you can do so,
2  just so long as you understand that everything must be
3  completed by the end date for fact discovery.  When I say
4  "completed," I mean done.  I'll do the same thing with respect
5  to expert discovery.  I'll push those deadlines back, and we'll
6  keep the same gap in time established in the case management
7  plan that you submitted to me last month.
8           Just a few brief words about the case management plan
9  and scheduling order.  First, treat these as real deadlines.
10 Note that the deadlines are for completion of each of expert
11 and fact discovery, which means completion, which means no more
12 of it after the relevant date.
13          Two relevant corollaries include the following:  One,
14 if you have a discovery dispute or issue with discovery, please
15 bring it to my attention.  Do not hoard it.  My expectation is
16 that you'll bring me discovery disputes so you can get the
17 responsive information during the fact discovery period so that
18 you can use it during that period.  If you wait to bring me a
19 dispute or other issue, you may find that I will just simply
20 not compel your adversary or third party to provide responses.
21 That's because my expectation is that you'll complete discovery
22 by the deadline specified in the order.
23          Second, these are extended deadlines, but as you're
24 scheduling requests for information in depositions, be mindful
25 again that my expectation is that you complete discovery by

these deadlines. So if you wait to make a request for information or wait to take a deposition, you do so accepting the risk that you will have less time to conduct follow-up discovery with respect to information that you might learn from that request or deposition.

The deadlines in the case management plan are all real deadlines. The deadlines in paragraph 8(c) are worthy of particular note. They require that you provide all, that is, 100 percent, of the requisite disclosures under Rule 26(a)(2) by the date that will be included there. If you fail to do that, you should not expect that your expert will be permitted to provide testimony or other evidence in the case.

So I think that's all I need to tell you with respect to the actual deadlines. You should understand that I'll grant extensions of the deadlines, but only for good cause shown. Here, these are very extended deadlines, so I would certainly scrutinize any request for an extension of them. We set them mindful of the current constraints on COVID-19, and I think we all hope that, if anything, those will become less restrictive than they are today.

Similarly, let me say that my expectation is that the parties will work to resolve this case in parallel with your efforts to litigate it. So do not expect that I'll find good cause in a party's decision not to invest in this case because they hoped or expected that the case would settle. My

K4OHVELC

1  expectation is that you'll make professional judgments about
2  the amount of resources that you want to invest in this case
3  during the time period allotted, and I will ask you to abide by
4  the consequences of your decisions.
5       So I think that's all I needed to say.  Thank you very
6  much for the work on this case.  I hope that you're able to
7  find the other defendant.
8       Thank you, counsel, for your comments about the
9  success of the mediation program.  I'm happy to hear that it's
10 working even remotely.  I'll enter a reference to the mediation
11 program, and I encourage you both to engage in the process with
12 an open mind and soon.  Given current circumstances, there are
13 many advantages to resolving a case such as this, particularly
14 where the tenant may or may not begin operations anew after
15 COVID-19 has lifts its grasp on the city.
16      Good.  Anything else we need to talk about here?
17 First, counsel for plaintiff?
18      MR. WEITZ:  No.  Thank you, your Honor.  Thank you for
19 your assistance.
20      THE COURT:  Good.  Thank you.
21      Counsel for defendant?
22      MR. GYPARAKIS:  No.
23      THE COURT:  Good.  Thank you very much.
24      (Adjourned)
25