UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RICARDO VELASQUEZ,

                               Plaintiff,

       v.

TWO BIG BOYS, INC., a New York corporation, JOHN P. GRECO, III, an individual d/b/a POSH BAR & LOUNGE, and JOHN IOANNOU, an individual,

                               Defendants.

Case No. 19-cv-11488 (GHW)

---

**DECLARATION OF PARIS GYPARAKIS IN SUPPORT OF MOTION FOR LEAVE TO WITHDRAW AS COUNSEL OF RECORD TO DEFENDANT JOHN IOANNOU**

**Paris Gyparakis**, pursuant to 28 U.S.C. § 1746, declares the following under penalty of perjury:

       1.       I am an associate attorney at Rosen & Associates, P.C. ("**Rosen & Associates**" or the "**Firm**") and am duly admitted to practice before the courts of the State of New York, the United States District Courts for the Southern and Eastern Districts of New York and the United States Court of Appeals for the Second Circuit.

       2.       I submit this declaration in support of the Firm's motion for leave to withdraw as counsel of record to Defendant John Ioannou ("**Mr. Ioannou**") in the above-captioned matter pursuant to Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "**Local Rules**").

       3.       Unless otherwise indicated, all statements set forth in this declaration are based upon my personal knowledge or my professional opinion based upon the pleadings in this action and the files maintained by the Firm, and, if called upon as a witness, I would testify competently thereto.

       4.       On February 12, 2020, Rosen & Associates entered into an engagement and retainer agreement with Mr. Ioannou (the "**Engagement Letter**"), whereby the Firm agreed to

represent and counsel Mr. Ioannou in the above-captioned matter, and Mr. Ioannou agreed to pay the Firm all fees, costs and expenses incurred through its representation.[1]

5. The Engagement Letter also provides that the Firm reserves all rights "to withdraw from or terminate [its] representation if, among other things, [Mr. Ioannou] fails to honor the terms of [the Engagement Letter], fail[s] to cooperate with … or accept [the Firm's] advice on any material matter, or if facts or circumstances arise that would prevent [the Firm] from effectively, professionally or ethically continuing the representation."

6. On or around February 16, 2020, I met with Mr. Ioannou to discuss the goals of litigation and the appropriate defense strategy for this action. I also advised Mr. Ioannou that he is required to respond to the discovery demands that were served with the Summons and Complaint.

7. On or around April 18, 2020, I called Mr. Ioannou to inform him of my discussions with opposing counsel regarding the proposed case management plan.

8. Subsequent to the entry of the *Civil Case Management Plan and Scheduling Order* [Doc. No. 19] (the "**Scheduling Order**") on April 24, 2020, I am informed that my office mailed a copy of the Scheduling Order to Mr. Ioannou.

9. On or around May 26, 2020, during a telephonic conference regarding mediation and my authority to settle the case on his behalf, Mr. Ioannou asked about the Scheduling Order he received in the mail, and I informed him of its contents and of the discovery deadlines imposed by the Court.

---

[1] A copy of the Engagement Letter can be made available to the Court for *in camera* review. *See Weinberger v. Provident Life & Cas. Ins. Co.,* No. 97–cv–9262, 1998 WL 898309, at *1 (S.D.N.Y. Dec.23,1998) ("it is appropriate for a Court considering a counsel's motion to withdraw to consider in camera submissions in order to prevent a party from being prejudiced by the application of counsel to withdraw.").

10. On August 10, 2020, I called Mr. Ioannou and informed him that his deposition was noticed for August 24, 2020. He did not confirm his availability to be deposed on that date, but rather expressed his desire to settle the matter in the interim.

11. On Wednesday August 19, 2020, during a call regarding settlement, I reminded Mr. Ioannou that he is required to attend the deposition on August 24, 2020.

12. Between August 21, 2020 and August 24, 2020, I, and several other employees of the Firm, made diligent efforts to communicate with Mr. Ioannou about his noticed deposition, all to no avail.

13. Since then, it has become clear that significant differences have arisen between the Firm and Mr. Ioannou as to the appropriate approach to our representation of him in this matter.

14. In short, because Mr. Ioannou wishes to pursue an approach which the Firm considers to be imprudent, and with which the Firm disagrees, we are compelled to make this Motion to be relieved as counsel of record.

15. In addition, despite a significant amount of unpaid legal fees, the Firm is not asserting a retaining or charging lien in connection with the services rendered in this action.

Dated: New York, New York
October 9, 2020

_____
Paris Gyparakis