**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

RICARDO VELASQUEZ,

                              Plaintiff,

            v.

TWO BIG BOYS, INC., a New York corporation,
JOHN P. GRECO, III, an individual d/b/a POSH BAR
& LOUNGE, and JOHN IOANNOU, an individual,

                              Defendants.

**Case No. 19-cv-11488 (GHW)**

---

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO
WITHDRAW AS COUNSEL OF RECORD TO DEFENDANT JOHN IOANNOU**

---

**ROSEN & ASSOCIATES, P.C.**
*Counsel of Record to Defendant*
    *John Ioannou*
747 Third Avenue
New York, NY 10017-2803
(212) 223-1100
Paris Gyparakis

RA201926_4.2_1

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

RELEVANT FACTUAL & PROCEDURAL BACKGROUND ....................................................1

DISCUSSION .........................................................................................................................2

    A.   Irreconcilable Differences as to Litigation Strategy and the Failure to Cooperate
         with Defense are Sufficient Grounds to Warrant Withdrawal ...................................... 4

    B.   Withdrawing at this Juncture Would Not Unduly Prejudice Plaintiff ......................... 5

    C.   The Firm is Not Asserting a Retaining or Charging Lien ............................................ 6

CONCLUSION ........................................................................................................................7

## <u>TABLE OF AUTHORITIES</u>

### <u>Cases</u>

*Blue Angel Films, Ltd. v. First Look Studios, Inc.*, No. 08-civ-6469,
    2011 WL 672245 (S.D.N.Y. Feb. 17, 2011)..................................................................................7

*Brown v. Nat'l Survival Games, Inc.*, No. 91-CV-221,
    1994 WL 660533 (N.D.N.Y. Nov. 18, 1994)..............................................................................7

*Callahan v. Consolidated Edison Co. of New York. Inc.,* No. 00-civ-6542 (LAK),
    2002 WL 1424593 (S.D.N.Y. July 1, 2002) .............................................................................5

*Casper v. Lew Lieberbaum & Co.*, No. 97-cv-3016,
    1999 U.S. Dist. LEXIS 7779 (S.D.N.Y. May 26, 1999) .........................................................6

*Chuchuca v. Creative Customs Cabinets, Inc.,* No. 13-cv-2506 (RLM),
    2014 WL 6674583 (E.D.N.Y. Nov. 25, 2014) .........................................................................6

*Freund v. Weinstein*, No. 08-cv-1469,
    2009 WL 750242 (E.D.N.Y. March 19, 2009) ........................................................................7

*Furlow v. City of New York*, No. 90-civ-3956,
    1993 WL 88260 (S.D.N.Y. March 22, 1993) ..........................................................................8

*Ghesani v. Trico VIII Petroleum, Inc.,* No. 03-civ-9854,
    2005 WL 3117485 (S.D.N.Y. Nov. 22, 2005) .........................................................................8

*Joseph Brenner Assocs., Inc. v. Starmaker Entm't, Inc.,*
    82 F.3d 55 (2d Cir. 1996)..........................................................................................................3

*Karimian v. Time Equities, Inc.*, No. 10-civ-3773 (AKH) (JCF),
    2011 WL 1900092 (S.D.N.Y. May 11, 2011)....................................................................3,4,5

*Moolick v. Natwest Bank, N.A.,* No. 95-civ-2226,
    1996 WL 411691 (S.D.N.Y. July 23, 1996).............................................................................6

*McGuire v. Wilson*,
    735 F. Supp. 83 (S.D.N.Y. 1990) .............................................................................................5

*Preeya v. Fancy 57 Cleaners, Inc.*, No. 11-civ-1522 (RJS),
    2012 WL 12884417 (S.D.N.Y. Sept. 24, 2012) ......................................................................5

*Promotica of Am., Inc. v. Johnson Grossfield. Inc.*, No. 98-civ-7414,
    2002 WL 424182 (S.D.N.Y Apr. 18, 2002) ............................................................................6

*Sansiviero v. Sanders*,
    117 A.D.2d 794, 499 N.Y.S.2d 431 (N.Y. App. Div.) ............................................................5

*SEC v. Gibraltar Global Securities,* No. 13-civ-2575 (GBD) (JCF),
    2015 WL 2258173 (S.D.N.Y. May 8, 2015)..................................................................................4

*Star Funding, Inc. v. Vault Minerals, LLC*, No. 15-cv-03026 (GBD) (SN),
    2017 WL 7790610 (S.D.N.Y. Aug. 31, 2017)..............................................................................3

*Tufaro v. City of New York*, 94-civ-8655,
    1996 WL 419912 (S.D.N.Y. July 25. 1996)...............................................................................5

*In re Wiener*, No. 18-13042 (JLG),
    2019 WL 2575012 (Bankr. S.D.N.Y. June 21, 2019)............................................................3,4

*Whiting v. Lacara,*
    187 F.3d 317 (2d Cir. 1999) ......................................................................................................7

*Winkfield v. Kirschenbaum & Phillips, P.C.*, No. 12-cv-7424 (JMF),
    2013 WL 371673 (S.D.N.Y. Jan. 29, 2013)...............................................................................3

## Rules

N.Y. RULES OF PROFESSIONAL CONDUCT (22 NYCRR 1200.0) ..................................................3

S.D.N.Y. LOCAL CIV. R. 1.4. ....................................................................................................2

Rosen & Associates, P.C. ("**Rosen & Associates**" or the "**Firm**"), submits this memorandum of law in support of its motion (the "**Motion**") for leave to withdraw as counsel of record to defendant John Ioannou ("**Mr. Ioannou**") pursuant to Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "**Local Rules**"). In support of the Motion, the Firm submits the accompanying *Declaration of Paris Gyparakis in Support of Motion for Leave to Withdraw as Counsel of Record to Defendant John Ioannou* (the "**Gyparakis Declaration**"), which is fully incorporated by reference herein, and respectfully represents as follows:

## RELEVANT FACTUAL & PROCEDURAL BACKGROUND

1.      On February 12, 2020, Rosen & Associates entered into an engagement and retainer agreement (the "**Engagement Letter**") with Mr. Ioannou, pursuant to which the Firm agreed to represent and counsel Mr. Ioannou in this action, and Mr. Ioannou agreed to pay the Firm all fees, costs and expenses incurred through its representation. *See* GYPARAKIS DECL. ¶ 4.

2.      The Engagement Letter also provides that the Firm reserves all rights, "to withdraw from or terminate [its] representation if, among other things, [Mr. Ioannou] fails to honor the terms of [the Engagement Letter], fail[s] to cooperate with … or accept [the Firm's] advice on any material matter, or if facts or circumstances arise that would prevent [the Firm] from effectively, professionally or ethically continuing the representation." *See* GYPARAKIS DECL. ¶ 5.

3.      On April 24, 2020, the Court entered the *Civil Case Management Plan and Scheduling Order* [Doc. No. 19] (the "**Scheduling Order**"), which provides that, *inter alia*, all depositions, "shall be completed by August 23, 2020," and "all fact discovery … be completed no later than September 23, 2020." *See* SCHEDULING ORD. ¶¶ 7(a) & (e).

4.      Since the date of the entry of the Scheduling Order, the Firm has made multiple attempts to communicate with Mr. Ioannou regarding his obligations thereunder, notwithstanding the parties efforts to amicably resolve this matter through mediation, so as to enable the Firm to respond to all discovery requests propounded by Plaintiff. *See* GYPARAKIS DECL. ¶¶ 6-12.

5.      The Firm's repeated attempts to communicate with Mr. Ioannou and to comply with the terms of the Scheduling Order have proved unavailing. *See* GYPARAKIS DECL. ¶¶ 10, 12 & 13.

6.      In effect, the parties divergent and irreconcilable views on the appropriate litigation strategy has rendered it unreasonably difficult for the Firm to continue to represent Mr. Ioannou in this matter, and thus, for the reasons discussed below, the Firm submits that the relief requested herein is warranted and should be granted.

## DISCUSSION

7.      Rule 1.4 of the Local Rules, which provides the standard for withdrawal of counsel, provides that:

> an attorney who has appeared as attorney of record for a party may be relieved … by order of the court … upon a showing by affidavit or otherwise of satisfactory reasons for withdraw or displacement and the posture of the case, including its position, if any, on the calendar and whether or not the attorney is asserting a retaining or charging lien

*See* S.D.N.Y. LOCAL CIV. R. 1.4.

8.      District Courts thus analyze two main factors in determining whether to grant such a motion: "the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding." *See Star Funding, Inc. v. Vault Minerals, LLC*, No. 15-cv-03026 (GBD) (SN), 2017 WL 7790610, at *1 (S.D.N.Y. Aug. 31, 2017); *Karimian v. Time Equities, Inc.*, No. 10-civ-

3773 (AKH) (JCF), 2011 WL 1900092, at *2 (S.D.N.Y. May 11, 2011); *Winkfield v. Kirschenbaum & Phillips, P.C.*, No. 12-cv-7424 (JMF), 2013 WL 371673, at *1 (S.D.N.Y. Jan. 29, 2013).

    9.  The Court may also consider codes of professional responsibility when determining whether to grant a motion to withdraw as counsel. *See, e.g.*, *In re Wiener*, No. 18-13042 (JLG), 2019 WL 2575012 (Bankr. S.D.N.Y. June 21, 2019) ("Codes of Professional Responsibility … provide guidance to courts in determining what constitutes 'good cause' for granting a motion to withdraw as counsel.") (citing *Whiting v. Lacara*, 187 F.3d 317, 321 (2d Cir. 1999) (per curiam) (Model Code of Professional Responsibility); *Joseph Brenner Assocs., Inc. v. Starmaker Entm't, Inc.*, 82 F.3d 55, 57 (2d Cir. 1996) (New York's Code of Professional Responsibility); *but see Wiener*, 2019 WL 2575012, at *4 ("Rule 1.16(d) of the [New York Rules of Professional Conduct] provides that attorneys representing clients before a tribunal cannot withdraw pursuant to Rule 1.16 if the tribunal's rules require otherwise and must 'continue representation notwithstanding good cause for terminating the representation' when 'ordered to do so by a tribunal'").

    10.  Under the New York Rules of Professional Conduct, which "govern … the conduct of attorneys in federal courts sitting in New York as well as in New York state courts," an attorney is permitted to withdraw if "the client insists upon taking action with which the lawyer has a fundamental disagreement," or "the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively." *See SEC v. Gibraltar Global Securities,* No. 13-civ-2575 (GBD) (JCF), 2015 WL 2258173 at *2 (S.D.N.Y. May 8, 2015); *see generally* N.Y. RULES OF PROFESSIONAL CONDUCT (22 NYCRR 1200.0) rules 1.16 (c)(4), (5) & (7) (McKinney).

11.     Ultimately, "[w]hether to grant or deny a motion to withdraw as counsel falls to the sound discretion of the trial court." *Karimian v. Time Equities, Inc.*, No. 10-civ-3773 (AKH) (JCF), 2011 WL 1900092, at *2 (S.D.N.Y. May 11, 2011) (quoting *Stair v. Calhoun*, 722 F. Supp. 2d 258, 264 (E.D.N.Y. 2010).

A.     **Irreconcilable Differences as to Litigation Strategy and the Failure to Cooperate with Defense are Sufficient Grounds to Warrant Withdrawal**

12.     It is well-settled that, "the existence of an irreconcilable conflict between attorney and client is a proper basis for the attorney to cease representing his client." *See Karimian*, 2011 WL 1900092, at *2 (collecting cases); *Preeya v. Fancy 57 Cleaners, Inc.*, No. 11-civ-1522 (RJS), 2012 WL 12884417, at *1 (S.D.N.Y. Sept. 24, 2012) ("It is well-established that irreconcilable differences are a proper basis for withdrawal[.]") (internal citations omitted); *see also Tufaro v. City of New York*, 94-civ-8655, 1996 WL 419912, at *1 (S.D.N.Y. July 25. 1996) (withdrawal permitted on showing that "an irreconcilable conflict has developed between [counsel and client] regarding litigation strategy") (internal citations omitted); *McGuire v. Wilson*, 735 F. Supp. 83, 85 (S.D.N.Y. 1990) (allowing attorney to withdraw because "relationship between the parties has deteriorated beyond repair"); *Sansiviero v. Sanders*, 117 A.D.2d 794, 795, 499 N.Y.S.2d 431, 431 (N.Y. App. Div.) (motion to withdraw granted in "light of the irreconcilable differences between" counsel and his client "with respect to the proper course to be pursued by counsel in the litigation"); *Casper v. Lew Lieberbaum & Co.*, No. 97-cv-3016, 1999 U.S. Dist. LEXIS 7779 (S.D.N.Y. May 26, 1999) (permitting withdrawal where plaintiffs and original counsel, "disagreed about litigation strategy, the value of the case, [and] the strength of the case").

13.     Here, for the reasons set forth in the Gyparakis Declaration, the Firm was unable to comply with the terms of the Scheduling Order and uphold its ethical duties of reasonable

civility towards the Court and opposing counsel. As a result, the undersigned submits that irreconcilable differences have rendered the Firm's continued representation of Mr. Ioannou in this matter unreasonably difficult, sufficient to warrant withdrawal. *See Promotica of Am., Inc. v. Johnson Grossfield. Inc.*, No. 98-civ-7414, 2002 WL 424182, at *2-3 (S.D.N.Y Apr. 18, 2002) (attorney's motion to withdraw granted where client has "not communicated with counsel nor responded to his communications at this crucial juncture in the case."); *Chuchuca v. Creative Customs Cabinets, Inc*., No. 13-cv-2506 (RLM) 2014 WL 6674583, at *10 (E.D.N.Y. Nov. 25, 2014) (granting motion to withdraw where counsel was retained by defendants, who were in financial distress, to "negotiate a speedy settlement," but defendants failed to execute resulting agreement); *see also Callahan v. Consolidated Edison Co. of New York. Inc.*, No. 00-civ-6542 (LAK), 2002 WL 1424593, at *1 (S.D.N.Y. July 1, 2002) ("The failure of a client to cooperate with-counsel in the prosecution or defense of an action by, among other things, failing to communicate with counsel, has been found to be an adequate basis upon which to permit an attorney to be released from the obligation of continuing to represent the attorney's client.").

### B.      Withdrawing at this Juncture Would Not Unduly Prejudice Plaintiff

14.      Under the second prong of Local Rule 1.4, the Court must consider "the posture of the case," and whether "the prosecution of the suit is [likely to be] disrupted by the withdrawal of counsel." *Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999) (quoting *Brown v. National Survival Games, Inc.,* No. 91-CV-221, 1994 WL 660553, at *3 (N.D.N.Y. Nov. 18, 1994)).

15.      Where, as here, discovery in a case has not yet closed and the case is not "on the verge of trial readiness," prejudice is unlikely to be found. *See Blue Angel Films, Ltd. v. First Look Studios, Inc.*, No. 08-civ-6469, 2011 WL 672245, at *2 (S.D.N.Y. Feb. 17, 2011)

(quoting *Malarkey v. Texaco, Inc.*, No. 81-civ-5224, 1989 WL 88709, at *2 (S.D.N.Y. July 31, 1989)); *see also Freund v. Weinstein*, No. 08-cv-1469, 2009 WL 750242, at *1 (E.D.N.Y. March 19, 2009) ("[W]ithdrawal at this juncture will not substantially disrupt this litigation since discovery is in the early stages"); *Brown v. Nat'l Survival Games, Inc.*, No. 91-CV-221, 1994 WL 660533, at *3 (N.D.N.Y. Nov. 18, 1994) ("In the case at bar, although the parties have already commenced discovery, it is not complete and the case is not presently scheduled for trial. Thus, granting the instant motion will not likely cause undue delay."); *Furlow v. City of New York*, No. 90-civ-3956, 1993 WL 88260, at *2 (S.D.N.Y. March 22, 1993) (where document discovery was complete but depositions had not been taken, withdrawal permissible because "this action is not trial ready and resolution of this matter will not be delayed substantially by counsel's withdrawal at this juncture"); *cf. Ghesani v. Trico VIII Petroleum, Inc.,* No. 03-civ-9854, 2005 WL 3117485, at *1 (S.D.N.Y. Nov. 22, 2005) ("To permit the requested withdrawal just prior to the trial would cause disruption to the Court's calendar and waste precious judicial resources."); *see generally Moolick v. Natwest Bank, N.A.*, No. 95-civ-2226, 1996 WL 411691, at *3 (S.D.N.Y. July 23, 1996) ("The fact that a new lawyer would have to familiarize himself with the facts of that complex … case, thereby increasing the costs of the litigation to the client, did not create sufficient prejudice to warrant denying the application.").

### C.    The Firm is Not Asserting a Retaining or Charging Lien

16.    Finally, as disclosed in the Gyparakis Declaration, the Firm is not asserting a retaining or charging lien in connection with the services rendered in this action, in hopes that Mr. Ioannou allocate his resources towards hiring new counsel or otherwise resolve the subject litigation without the assistance of counsel, with the benefit of all information currently available to the Firm that relates to this matter. *See* GYPARAKIS DECL. ¶ 15.

## CONCLUSION

In light of the foregoing, the undersigned submits that the relief sought in the Motion is warranted and should be granted.

**WHEREFORE,** the Firm respectfully requests the entry of an Order granting the relief sought in the Motion and for such other and further relief as the Court deems just and proper.

Dated: New York, New York
      October 9, 2020

**ROSEN & ASSOCIATES, P.C.**
*Counsel of Record to Defendant*
  *John Ioannou*

By:   _____
       Paris Gyparakis

747 Third Avenue
New York, NY 10017-2803
(212) 223-1100